IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN ALVANOS and
SHAUNA ALVANOS,

                    Plaintiffs,              OPINION AND ORDER

v.

                                               24-cv-68-wmc

LANCE ROESLER and ROESLER, INC.,

                    Defendants.

---

Plaintiffs Stephen and Shauna Alvanos, who represent themselves, allege that defendant Lance Roesler, the owner of defendant Roesler, Inc., violated a contract to purchase plaintiffs' home and twice reneged on the parties' agreement regarding plaintiffs' right to first refusal by selling the property to a third party. Because plaintiffs seek to proceed without prepayment of the entire filing fee, the next step is to screen their complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). The court accepts plaintiffs' allegations as true and construes them generously, holding their pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court will dismiss the complaint for failure to state a claim that can be heard in this court.

OPINION

While it is not entirely clear, it appears from the allegations in the complaint that plaintiffs believe that Roesler breached a contract he had with plaintiffs and committed

fraud when he sold their home, which they allege was not "morally" his to sell.  (Dkt. #1, at 3.)  However, "[f]ederal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiffs seek to bring a claim under 18 U.S.C. § 1346, which is a *criminal* statute prohibiting a scheme or artifice to deprive another of the intangible right of honest services.  However, "[o]nly the government—specifically, the Department of Justice—can bring criminal charges.  There is no private right of action under 18 U.S.C. § 1346." *Germeten v. Planet Home Lending, LLC*, No. 17-cv-167, 2018 WL 1054404, at *2 (E.D. Wis. Feb. 26, 2018); *see also Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (federal criminal statutes do not provide private cause of action for civil liability).  In addition, plaintiffs fail to allege facts that would give rise to diversity jurisdiction because they and both defendants are all citizens of Wisconsin.  Accordingly, this case must be dismissed.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff the chance to amend the complaint.  *Felton v. City of*

*Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). However, dismissal of plaintiffs' complaint is appropriate because their allegations do not suggest that they could amend their complaint to state a claim for relief in federal court.

ORDER

IT IS ORDERED that the complaint filed by plaintiffs Stephen and Shauna Alvanos is DISMISSED for failure to state a claim that can be heard in this court. The clerk of court is directed to enter judgment in accordance with this order and close this case.

Entered this 4th day of December, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge